UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DAVID H. CARR,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Petitioner,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　)　　　No. 2:17-cv-00482-JMS-DLP
　　　　　　　　　　　　　　　　　　)
RICHARD BROWN,　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　　　Respondent.　　　　　　　)

**Entry Granting Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of David Carr for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVD 17-06-0051. For the reasons explained in this Entry, Mr. Carr's habeas petition must be **granted**.

### A.　　Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On June 7, 2017, Correctional Officer Chapman, along with Correctional Officer Stephens, searched Carr's cell. They found two metal spring clips, two mechanical pencils, and paper that had been soaked in a brown liquid which smelled like coffee and was shaped like a rose. The items were confiscated and photographed. Mr. Carr was charged with a violation of Rule 202, Possession or Use of a Controlled Substance. Mr. Carr received notice of the rule violation and his rights on June 8, 2017 where he requested and received a lay advocate. He pleaded not guilty and the case was set on June 14, 2017.

At screening, Mr. Carr requested to be drug screened which was denied as irrelevant to the charge. Mr. Carr requested as evidence the item confiscated during the search, but this request was denied as irrelevant. A copy of the rule on drug paraphernalia was given to Mr. Carr and he was told there was no memorandum at the correctional facility about the possession rule.

The Disciplinary Hearing Officer ("DHO") held the disciplinary hearing on June 14, 2017, noting Mr. Carr had not requested a continuance. The DHO considered the staff reports, the statements of the offender, the statement of CO Chapman, the confiscation slip and the submitted photograph. The DHO found Mr. Carr guilty of violating Rule 202, Possession of Controlled Substance.

The DHO sentenced Mr. Carr to one month loss of kiosk privileges, a written reprimand not to possess paraphernalia, a loss of thirty days credit time and the loss of one credit class, suspended. These sanctions were issued because of the seriousness of the offense, the nature of the offense, Mr. Carr's attitude and demeanor during the hearing, the degree to which the violation disrupted/endangered the security of the facility, and the likelihood of the sanction having a corrective effect.

Mr. Carr appealed to the Facility Head on June 20, 2017 and that appeal was denied. He then resubmitted his appeal and it was granted in part to the extent that the conviction was amended to B-215, Unauthorized Possession of Property. He then filed this petition for a writ of habeas corpus.

C. **Analysis**

Mr. Carr challenges the disciplinary action against him arguing that his right to present evidence was denied because he requested production of an art project he was working on and a drug screening. He also argues that the hearing officer was not impartial. Finally, he argues that the evidence was insufficient. Because the evidence was insufficient to sustain the conviction, the Court need not address Mr. Carr's other arguments.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

After his appeal was granted in part, Mr. Carr was convicted of B-215, Unauthorized Possession of Property. That section is defined as "[u]nauthorized possession, destruction, alteration, damage to, or theft of State property or property belonging to another." Indiana

Department of Correction Adult Disciplinary Process, Appendix I: Offenses, available at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. On the other hand, Adult Disciplinary Code Section C-353, a lesser form of the same offense, is also entitled "Unauthorized Possession of Property," but is defined as "[a]ny unauthorized possession, alteration, removal or relocation of personal property." *Id.*

Based on the wording of the disciplinary code, in order to convict Mr. Carr under B-215, it must be shown that the property "belong[s] to another." Indeed, the existence of the similar, but lesser, offense C-353 makes the element "belong[s] to another" of at least some importance and relevance. Here, it may be that the property at issue was unauthorized, but there is no evidence that the property belonged to anyone other than Mr. Carr. Because there are no facts or evidence presented by the respondent that the property "belong[ed] to another," the "some evidence" standard is not met.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. Because there was insufficient evidence of Mr. Carr's guilt, the disciplinary finding of guilt was arbitrary and that finding and the sanctions imposed must be **VACATED AND RESCINDED.** Accordingly, Mr. Carr's petition for a writ of habeas corpus is **GRANTED**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/22/2018

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID H. CARR
117630
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov